Judge ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. CR 13-165 TSZ |
| | ) | |
| Plaintiff, | ) | MOTIONS *IN LIMINE* |
| v. | ) | BY DEFENDANT |
| | ) | JOHN PARKS |
| JOHN CHRISTIAN PARKS, | ) | |
| Defendant | ) | NOTE FOR MOTION CALENDAR: |
| | | **OCT. 11, 2013** |

JOHN CHRISTIAN PARKS, through counsel, Terrence Kellogg, does hereby

move the court for entry of an order granting defendant's instant motion *in*

*limine* precluding the government's presentation of evidence in respect to the

following four specific areas:

1. Reference to presentation of testimony or evidence concerning the

manufacture, possession or use of methamphetamine or other drugs and the

presence of drug paraphernalia, specifically a pipe used for smoking

methamphetamine, found on the date of the incident, March 30, 2013, believed to

have been sloughed by John Parks;

DEFENDANT PARKS' MOTIONS *IN LIMINE*
FOR TRIAL - 1

TERRENCE KELLOGG
P.O. Box 70819
SEATTLE, WASHINGTON 98127
(206) 781-8181

2.  Any evidence or testimony presented concerning racial or religious views of

Mr. Parks, including clothing, flags, pictures, memorabilia, and publications

seized upon execution of a search warrant at the house believed to have been

Park's residence prior to his detention in this case;

3.  Any evidence or testimony concerning the fact of prior convictions of Parks,

except as permitted by the court upon application of ER 609 should Parks elect to

testify; and

4.  Any in-court identification by a civilian witness as to Parks having been

present at the scene of his arrest on March 30, 2013.

**Authority and Argument:**

This motion is brought pursuant to ER 403, excluding relevant evidence

for prejudice, confusion, waste of time, or other reasons.  ER 403 provides the

court may exclude relevant evidence if its probative value is substantially

outweighed by danger of unfair prejudice, confusing the issues, misleading the

jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

It is submitted that as to each of the four specific areas set forth above,

there is little or no probative value to be offered by such evidence and significant

and substantial unfair prejudice to Parks should such evidence be permitted to

be used by the government at the time of trial.

DEFENDANT PARKS' MOTIONS *IN LIMINE*
FOR TRIAL - 2

TERRENCE KELLOGG
P.O. Box 70819
SEATTLE, WASHINGTON 98127
(206) 781-8181

1

2        *Prior Convictions:*

3

4        As to the third category of evidence set forth above as the subject of the

5   defense motion in limine, the use of prior convictions of Parks, it is anticipated

6   the parties will enter into a stipulation as to the element of Parks being a

7   convicted felon.  Given such stipulation additional evidence presented as to the

8

9   underlying facts or nature of one or more prior convictions of Parks should be

10   precluded by the Court upon application of ER 403.  See *United States v. Montoya*,

11   *2013 U.S. App. LEXIS 11617, 18 (9th Cir. N. Mar. I. June 10, 2013)*: "Evidence is

12

13   unfairly prejudicial when it has the capacity "to lure the factfinder into declaring

14   guilt on a ground different from proof specific to the offense charged." *Old Chief*

15   *v. United States,* 519 U.S. 172, 180, 117 S. Ct. 644, 136 L. Ed. 2d 574 (1997). In

16

17   considering whether evidence is unfairly prejudicial, a judge may consider the

18   availability of alternative probative evidence. *Id.* at 184-85."

19

20        Count 2 of the indictment alleges Parks having previously been convicted

21   of eight separate felony offenses in the state of Washington.  Should Parks elect

22   to testify at the time of trial, as is anticipated, ER 609(b) would preclude use by

23

24   the government of five of those prior convictions as being more than 10 years

25   remote in time, the government not having provided notice of intent to use such

26   convictions under ER 609(b)(2).  Concerning the remaining three convictions, ER

27

DEFENDANT PARKS' MOTIONS *IN LIMINE*                TERRENCE KELLOGG
FOR TRIAL - 3                                        P.O. Box 70819
                                                     SEATTLE, WASHINGTON 98127
                                                     (206) 781-8181

609(a)(1)(B) requires the court weigh the prejudicial effect of the introduction of such prior convictions against any probative value of such evidence in determining admissibility against a defendant who has elected to testify at trial.

These three prior convictions are two violations of the Uniform Controlled Substances Act, one for possession and one for possession with intent to manufacture or deliver, as well as the third conviction for an Escape Second Degree.  None of these prior convictions are crimes of moral turpitude and do not implicate the truth telling ability of a defendant as witness.  The court is asked to not permit any such prior convictions to be used for purposes of impeachment should Parks choose to testify at his trial because of the nature the conviction in light of the undue prejudice to Parks upon the introduction of such for impeachment purposes at trial.

**Factual Basis for Motions In Limine:**

As provided in CrR 12(c)(2) of the Local Rules for the Western District of Washington, attached as an Exhibit are excerpts of discovery provided for consideration of this motion.  Pages 1 and 2 of the attached exhibit set forth the reference in law enforcement reports to the "meth pipe" purported purportedly sloughed by Parks at the time of his initial arrest in this case; at pages 3 and 4 are reports as to the failure of a civilian witness to choose Parks, pictured as number

DEFENDANT PARKS' MOTIONS *IN LIMINE*
FOR TRIAL - 4

TERRENCE KELLOGG
P.O. Box 70819
SEATTLE, WASHINGTON 98127
(206) 781-8181

two in the photomontage presented, as the individual he observed at the scene

shortly before the arrest of Parks, and, at pages 5 through 8, copies of

photographs taken during the execution of a search warrant after his arrest at

what was believed to be Parks' residence, the basis for the requested limitation

on the government's use of evidence concerning racial or religious beliefs of the

defendant at the time of trial.

      In addition, discovery provided is replete with references to reports and

suspicions that Parks was involved in the possession, use, and manufacture of

methamphetamine prior to his detention in this case.  Such references include

suspicious communications of Parks while in custody at the federal detention

center by examination of his telephonic and electronic communications with

others.  To the extent such communications are believed to be references to drug-

related activity, they are asked to be precluded as evidence available to the

/

/

/

/

government at the time of trial.

DATED this 3rd day of October, 2013.

s/ *Terrence Kellogg*
Terrence Kellogg, Attorney for
JOHN CHRISTIAN PARKS
WA. State Bar # 6452
P.O. Box 70819
Seattle, WA. 98127
Telephone: (206) 781-8181
E-Mail: terrykellogg@comcast.net

CERTIFICATE OF SERVICE

Terrence Kellogg does hereby certify that on the 3rd of October, 2013 he caused

the document set forth above to be served on all counsel of record by filing the same with

the Western District of Washington ECF system.

s/ *Terrence Kellogg*
Terrence Kellogg,
Attorney for Parks
WA. State Bar # 6452
P.O. Box 70819
Seattle, WA. 98127
Telephone: (206) 781-8181
E-Mail: terrykellogg@comcast.net

DEFENDANT PARKS' MOTIONS *IN LIMINE*
FOR TRIAL - 6

TERRENCE KELLOGG
P.O. Box 70819
SEATTLE, WASHINGTON 98127
(206) 781-8181