The Hon. Thomas S. Zilly

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOHN CHRISTIAN PARKS, <br><br> Defendant. | NO. CR13-165 TSZ <br><br> GOVERNMENT'S SENTENCING MEMORANDUM |

Comes now the United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Stephen Hobbs, Special Assistant United States Attorney for said District, and files this Government's Sentencing Memorandum.

## I.   INTRODUCTION

John Christian Parks was found guilty by a jury of being a *Felon in Possession of Firearms*. The United States respectfully requests that the Court impose a sentence of 120 months imprisonment, the statutory maximum, to be followed by three years of supervised release. In making this recommendation, the government is not waiving or

///

///

*United States v. John Christian Parks*, CR13-165 TSZ
Government's Sentencing Memorandum - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

abandoning its position that Parks' qualifies as an armed career criminal which carries a mandatory 15 year minimum sentence.[1]

## II.   FACTUAL SUMMARY

### A.   Background

#### 1.   The March 30, 2013, Mt. Baker-Snoqualmie Incident

On March 30, 2013, United States Forest Service Officers Jeff McIntosh and Ed King were patrolling a Forest Service road in the Snoqualmie Ranger District of the Mt. Baker-Snoqualmie National Forest when they encountered an All-Terrain Vehicle ("ATV") rider named Robbie Gehre. While speaking with Mr. Gehre, the officers heard gunshots in the distance. Mr. Gehre told the officers there were target shooters up the road who had been unfriendly to him. Mr. Gehre later gave a statement that one of the shooters was wearing a green "boonie" style military hat, a longer green jacket, and sunglasses. Mr. Gehre stated that this man was holding a long gun with a scope. Because the man was wearing sunglasses and a hat, Mr. Gehre was not able to identify the defendant in a photo montage.

Officers McIntosh and King drove up the road toward the area Mr. Gehre described. In a clearing, the officers came upon five men, a GMC Yukon SUV, and a Ford Ranger pickup. One of the men, later identified as John Parks, was wearing a green battle dress uniform and a camouflage "boonie" hat. He was the only one of the five with a hat of that description. Before contacting the group, officers saw one of the men shoot a rifle at an exploding target.

The tailgates of both the Yukon and the Ranger were open, and firearms were visible in both. Officers ultimately found a total of eight firearms in the two trucks. In

---

[1] The government has informed defense counsel that it intends to file charges in an unrelated case against Parks. The new charges involve the possession of prohibited items by Parks while in the Federal Detention Center. The government has indicated that, while it is prepared to proceed to sentencing in the present case, it would not oppose a continuance of sentencing if counsel and Parks believed that would be appropriate or beneficial. It is possible that Parks may still request a continuance of the sentencing hearing (and the government will not oppose such a request). If there is no request for a continuance, the government does not believe the pending charges have any relevance to this sentencing proceeding and they will not be discussed.

*United States v. John Christian Parks*, CR13-165 TSZ
Government's Sentencing Memorandum - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the Yukon, officers found two firearms: a Smith & Wesson 5.56mm M&P 15 assault rifle and a Smith & Wesson 7.62mm M&P 10 assault rifle.  In the Ranger, officers found six more firearms: a Norinco SKS assault rifle; a Sig Sauer 223 assault rifle; a Mauser 8mm rifle; a Hi-Point semiautomatic pistol; a Taurus Semiautomatic pistol, and a Taurus revolver.   For ease of reference, the following chart identifies the firearms, their type, and their location:

| Firearm | Type | Location |
|---|---|---|
| Smith & Wesson M&P 15 5.56mm | Assault Rifle | GMC Yukon |
| Smith & Wesson M&P 10 7.62mm | Assault Rifle | GMC Yukon |
| Norinco SKS 7.62mm | Assault Rifle | Ranger |
| Sig Sauer .223 caliber | Assault Rifle | Ranger |
| Mauser 98 8mm | Rifle | Ranger |
| Hi-Point C9 9mm | Semi-automatic pistol | Ranger |
| Taurus .45 ACP | Semi-automatic pistol | Ranger |
| Taurus .45/410 caliber | Revolver | Ranger |

Officers requested identification from the shooting party members.  While checking for outstanding warrants, officers determined that John Parks was a felon.  During a search of John Parks, officers found a GMC key in John Parks' pocket consistent with the GMC Yukon containing the two Smith & Wesson assault rifles.  They later determined that the GMC Yukon is registered to John Parks' girlfriend, Tamara Hoots.  While defendant was in handcuffs, he attempted furtively to discard a glass pipe that appeared to be a methamphetamine pipe.  He then denied that he had just done so.

*United States v. John Christian Parks*, CR13-165 TSZ
Government's Sentencing Memorandum - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The officers seized all of the firearms discussed above. They also discovered and seized ammunition, tactical gear including a Blackhawk tactical vest, exploding targets, suspected methamphetamine, and methamphetamine paraphernalia.

Officers sent all of the firearms to the King County Regional Automated Fingerprint Identification System lab for testing. The lab found no usable fingerprints on either of the assault rifles retrieved from the Yukon. The lab found some usable prints on the pistols and ammunition found in the Ranger. Those prints did not match the known prints of John Parks.

### 2. Parks' Attempts to Retrieve His Weapons

In the days following his arrest, Parks made several efforts to retrieve the firearms and other material seized in the search. For example, the day after the arrest, Parks left a voice message with the Forest Service complaining that his due process rights had been violated and that the officers had stolen the seized weapons. At one point in the message, Parks referred to the guns as "our guns," and then quickly corrected himself to say "their guns."

Parks also made efforts to retrieve the tactical vest the officers seized along with the guns. Parks sent Forest Service officers a note stating that "I would like to know about the disposition of my Blackwater vest…." On April 3, 2013, Parks left another voicemail requesting the return of the vest. The vest, which was found in the GMC Yukon, contains rifle magazine carriers for the same size ammunition accepted by one of the Smith & Wesson assault rifles found in Tamara Hoots' GMC Yukon.

### 3. The Search of the Belfair Residence.

On July 24, 2013, ATF agents executed a search warrant at Parks and Tamara Hoots' Belfair residence. The agents found evidence linking Parks to the guns that Forest Service officers had seized from John Parks on March 30, 2013.

For example, agents found a notebook containing the name, email address and other contact information of a Virginia resident named Brian Sorenson. Further investigation showed that, in early March of 2013, Mr. Sorenson had sold John Parks the

*United States v. John Christian Parks*, CR13-165 TSZ
Government's Sentencing Memorandum - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Smith & Wesson M&P 10 assault rifle that Forest Service officers later found in Tamara Hoots' Yukon. This sale was conducted over the internet. As discussed below, agents later discovered emails between Mr. Sorenson and Parks discussing the sale of the assault rifle.

Also in John Parks and Tamara Hoots' Belfair residence, agents found packaging for the scope attached to the Smith & Wesson M&P 10 assault rifle. They found manuals for Sig Sauer 5.62 assault rifles—the same type of Sig Sauer rifle Forest Service Officers had found in the Ranger. Other items retrieved in the search include:

- A 40 caliber magazine and .40 caliber ammunition;
- A .32 caliber revolver and .32 caliber ammunition;
- Exploding targets of the same type used by the shooting party in the forest; and
- A ballistic vest, body armor, magazine holders, and rifle plates.

### 4.    Evidence of Parks' Firearms Purchases.

Investigation of the purchase and sale of the two assault rifles found in the Yukon revealed that Parks purchased both rifles in private sales:

***Purchase of the Smith & Wesson M&P 15 5.56mm:***  The evidence at trial established that Parks purchased the Smith & Wesson M&P 15 found in the GMC Yukon. Firearms Transactions Records established that this rifle was originally purchased by a Belfair, Washington resident named Charles Junker from a Tacoma gun shop on December 21, 2012. Charles Junker testified that he then posted the gun for sale on Craig's List on January 16, 2013. He almost immediately received a call in response to the advertisement and agreed to meet the purchaser near a Belfair Chevron station later that evening. The Chevron station is less than 10 miles from Parks' house.

Charles Junker testified that, at the appointed time, a dark SUV appeared at the meeting place. Inside was a man matching Parks' description and a woman matching Tamara Hoots' description. Charles Junker then exchanged the Smith & Wesson M&P 15 assault rifle for cash. Charles Junker's testimony is corroborated by records for a cell

*United States v. John Christian Parks*, CR13-165 TSZ
Government's Sentencing Memorandum - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  phone belonging to Tamara Hoots, which show two calls to Charles Junker's phone
2  number on January 16, 2013 (the day of the sale), and one the following day.
3      Charles Junker's testimony was further corroborated by testimony about a second
4  gun sale to Parks of a Bushmaster assault rifle.  The Bushmaster was not charged in the
5  Indictment.  Charles Junker testified that he purchased this rifle on February 2, 2013.
6  Charles Junker advertised this rifle on a computer classified page.  Again, Charles Junker
7  received a prompt response, with the buyer prepared to meet him at the Belfair Safeway
8  that night.  However, because Charles Junker was occupied that night, he asked his
9  father, Fred Junker, to handle the transaction.  Fred Junker testified and described a
10 transaction very similar to the previous transaction described by Charles Junker.
11 Furthermore, Fred Junker, who previously selected Parks in a photo montage, specifically
12 identified John Parks at trial as the gun purchaser.
13      ***Purchase of the Smith & Wesson M&P 10:***  As discussed above, the search of
14 Parks' residence recovered a notebook containing contact information for a Virginia
15 resident named Brian Sorenson.  The evidence at trial established that Brian Sorenson
16 sold the Smith & Wesson M&P 10 assault rifle found in the GM Yukon to Parks.
17     Mr. Sorenson testified that he sold the Smith & Wesson 7.62 assault rifle using an
18 online bidding service called Gunbroker.com.  The winning bidder was a Washington
19 resident who used the username Yaw83H.  Mr. Sorenson identified email exchanges he
20 had with the purchaser to arrange the sale.  The purchaser used an email account named
21 steve.meyer41@yahoo.com (the "Steve Meyer Account"), but signed the emails "James
22 Brown."  The last of the emails sent by the Steve Meyer Account to Mr. Sorenson states:

23     Received rifle today.  Will go to the range with it tomorrow…. Again
24     thank you and Yaweh bless you . . . may Yaweh protect you.

25     The evidence established that Parks was the sender of the "Steve Meyer" account
26 e-mails.  In e-mails Parks sent Tamara Hoots from the Federal Detention Center
27 ("FDC"), Parks refers to Steve Meyer account as "my" account *and* provided the account
28 password.  In addition, when Mr. Sorenson asked "Steve Meyer" for a phone number, the

*United States v. John Christian Parks*, CR13-165 TSZ
Government's Sentencing Memorandum - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  sender responded with the same T-Mobile number registered to Tamara Hoots that was
2  used to arrange the purchase from Charles Junker.  Records for that phone reflect a 19-
3  minute call with Mr. Sorenson on March 3, 2013—the day after the Gunbroker.com
4  auction on the Smith & Wesson M&P 10 assault rifle closed.
5       Mr. Sorenson also testified that he mailed ammunition for this weapon to Parks'
6  Belfair residence.
7       Finally, the government introduced e-mails Parks sent from the FDC containing
8  nearly identical language to the language used on the Steve Meyer Account.  In his FDC
9  emails, John Parks repeatedly uses the blessings "Yaweh Bless You" and "Yaweh Protect
10 you," just as he did in the Steve Meyer account emails.  And, John Parks repeatedly
11 references the number 83, which is believed to be a reference to Psalms 83.  These
12 references further established Parks' connection to the "Yah83H" Gunbroker user
13 account.

### III.   PROCEDURAL HISTORY

15    On May 17, 2013, a complaint was filed in federal court charging Parks with one
16 count of being a *Felon in Possession of Firearm*s.
17    The Grand Jury returned an indictment on May 29, 2013, charging Parks with
18 being a *Felon in Possession of Firearm*s.
19    On May 29, 2013, Parks had his initial appearance in federal court.  Parks was
20 detained pending trial.
21    After a jury trial, Parks was found guilty by a jury of one count of being a *Felon in*
22 *Possession of Firearms.*
23    Post-trial, the Court ruled that Parks did not qualify as an armed career criminal.
24 The government moved for reconsideration.  The government's motion for
25 reconsideration was denied by minute order.

### IV.   STATUTORY PENALTIES

27    *Felon in Possession of a Firearm* is punishable by a term of imprisonment of up to
28 ten (10) years, a fine of up to two hundred and fifty thousand dollars ($250,000), a period

*United States v. John Christian Parks*, CR13-165 TSZ
Government's Sentencing Memorandum - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of supervision following release from prison of no more than three (3) years, and a special assessment of one hundred dollars ($100).

## V. THE SENTENCING GUIDELINES CALCULATION

Without waiving its position that Parks is an armed career criminal, the United States agrees with USPO Nguyen's determination that Parks' total offense level is 28. PSR ¶¶ 20-30. The government also believes that Parks has fourteen (14) criminal history points, which places him in Criminal History Category VI. PSR ¶ 51. Consequently, the government agrees that Parks' Sentencing Guideline Range is 140 to 175 months. The statutory maximum sentence is 120 months. PSR ¶ 80.

## VI. KINDS OF SENTENCES AVAILABLE

Because the guideline range falls within Zone D of the Sentencing Table, the minimum term must be satisfied by a term of imprisonment, pursuant to USSG § 5C1.1(f).

## VII. THE UNITED STATES SENTENCING RECOMMENDATION

The United States respectfully requests the Court sentence Parks to 120 months imprisonment, the statutory maximum sentence. The United States also asks this Court to order three (3) years of supervised release and impose the proposed conditions set forth in the presentence report.

### A. Nature and Circumstances of the Offense.

Despite being on direct notice that it was illegal for him to possess firearms, Parks chose to possess at least two assault rifles, each capable of accepting extended magazines, and ammunition. In addition, Parks chose to be in the presence of six more firearms during the incident in the Mt. Baker/ Snoqualmie National Forest and – as set forth in the PSR – these weapons are appropriately considered as a relevant sentencing factor. Certainly, it was reasonably foreseeable that Parks – having been invited to participate in a shooting party – would be in the presence and have the opportunity to possess, multiple firearms.

*United States v. John Christian Parks*, CR13-165 TSZ
Government's Sentencing Memorandum - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Moreover, this is not a case in which Parks accidentally found himself in the presence of a gun. The evidence at trial established that Parks intentionally and personally purchased two of the assault rifles. One M&P rifle was purchased over the internet from Mr. Sorenson (in a transaction in which Parks used a fictitious name and opaque e-mail address). The other M&P rifle was purchased from Fred Junker (in a cash transaction during which Parks was never required to give his name). Parks was clearly aware that he was prohibited from possessing firearms and took active steps to conceal the fact that he was purchasing assault rifles.

**B.     History and Characteristics of the Defendant**

Parks has multiple prior felony convictions, including:

1. *Violation of the Uniform Controlled Substances Act ("VUCSA")—Manufacture, Delivery and Possession with Intent*, Pierce County Superior Court, May 17, 2005;

2. *Escape in the Second Degree*, King County Superior Court, December 20, 2004;

3. *VUCSA—Possession*, King County Superior Court, May 21, 2004;

4. *VUCSA—Possession*, King County Superior Court, September 28, 2001;

5. *VUCSA—Possession*, Jefferson County Superior Court, May 4, 2001;

6. *VUCSA—Possession*, Grant County Superior Court, February 6, 2001;

7. VUCSA—*Manufacture, Delivery and Possession with Intent*, Clallam County Superior Court, April 2, 1998; and

8. *VUCSA—Possession with Intent*, Clallam County Superior Court, April 2, 1998.

Given this lengthy drug-related criminal history, the government finds Parks' claim that he was not using drugs prior to or during this incident suspect at best. Significantly – although the government was not allowed to introduce this evidence at trial – Officer Jeff

*United States v. John Christian Parks*, CR13-165 TSZ
Government's Sentencing Memorandum - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  McIntosh, while arresting Parks, observed Parks discard a glass methamphetamine pipe.
2  There is little doubt, from the government's perspective, that Parks either has a
3  significant drug problem or is simply a full-time drug dealer.
4      Parks does not appear to have any mental health issues.
5      Parks' upbringing seems basically normal.
6  **C.  Government's proposed sentence: 120 months.**
7      The government respectfully requests the Court sentence Parks to 120 months
8  imprisonment and three (3) years of supervised release.  The government believes this
9  sentence is appropriate for several reasons.
10     First, and most basically, Parks' Sentencing Guideline Range of 140 to 175
11 months is significantly above the statutory maximum.  The government concurs with the
12 Probation Officer's conclusion that the Guideline Range appropriately evaluates Parks'
13 conduct (and distinguishes him from the charged co-defendants), his prior convictions,
14 and his lack of acceptance of responsibility.
15     Second, Parks' utter disregard for the law justifies a Guideline-range sentence
16 (which in this case is the statutory maximum).  In light of Parks' deliberate decision to
17 purchase and possess assault rifles, the government sees absolutely no basis for a
18 departure or variance downward.
19     Finally, Parks poses an ongoing danger to the community.  The combination of his
20 drug dealing convictions (whether or not accompanied by drug use), his clear and
21 deliberate attempts to conceal his identity as the purchaser of the charged weapons, and
22 the nature of the firearms themselves (assault rifles capable of accepting extended
23 magazines) demonstrate that Parks has no intention of complying with the law and will
24 likely continue to obtain firearms upon release from incarceration.

## VIII.  CONCLUSION

26     For the foregoing reasons, the United States respectfully requests that the Court
27 sentence Parks to 120 months imprisonment, followed by three (3) years of supervised
28

*United States v. John Christian Parks*, CR13-165 TSZ
Government's Sentencing Memorandum - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

release.  The United States also asks the Court to impose the conditions set forth in the Presentence Report submitted by USPO Nguyen on behalf of United States Probation.

DATED this 24th day of January, 2014.

Respectfully submitted,

JENNY A. DURKAN
United States Attorney

*s/ STEPHEN HOBBS*
STEPHEN HOBBS
Special Assistant United States Attorney
United States Attorney's Office
700 Stewart, Suite 5220
Seattle, WA 98101-3903
Telephone:   206-553-4301
Fax:              206-553-0755
E-mail:         stephen.p.hobbs@usdoj.gov

*United States v. John Christian Parks*, CR13-165 TSZ
Government's Sentencing Memorandum - 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).  I hereby certify that I have served the attorney(s) of record for the defendant(s) that are non CM/ECF participants via e-mail and/or telefax.

*s/ Lissette Duran-Leutz*
Lissette Duran-Leutz
Legal Assistant
United States Attorney's Office
Western District of Washington
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone:    (206) 553-7234
Fax:               (206) 553-2502
E-mail:  Lissette.I.Duran-Leutz@usdoj.gov

*United States v. John Christian Parks*, CR13-165 TSZ
Government's Sentencing Memorandum - 12

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970